# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LARRY SINCLAIR WILLIAMS,** | : | Civil No. 1:10-CV-2350 |
| Petitioner, | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Carlson) |
| **UNITED STATES OF AMERICA, et al.** | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

### I.   Statement of Facts and of the Case

The Petitioner in this case, Larry Sinclair Williams, is a federal inmate housed at the United States Penitentiary, Allenwood. On November 15, 2010, Williams filed a *pro se* complaint in mandamus against the Defendants, his jailers. (Doc. 1) In this complaint Williams alleges that, even though he is serving a sentence of 562 months in prison for some unspecified crimes, he has been a "model inmate," and, therefore, is entitled under Bureau of Prisons policies to a transfer from the penitentiary to a medium security prison. (Id.) On the basis of this assertion, Williams comes before this Court seeking to invoke a venerable form of judicial relief, a writ of mandamus, to compel prison officials to give him a specific form of relief, a prison transfer.

Along with his petition for writ of mandamus, Williams has filed a motion for leave to proceed *in forma pauperis*.(Doc. 2) Because we believe that Williams has fundamentally misconstrued the scope and nature of this Court's mandamus jurisdiction, it is recommended that Williams' motion for leave to proceed *in forma pauperis* be granted, but his petition for writ of mandamus be denied.

## II. Discussion

### A. Inmate Case Screening Standard of Review

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints which seek redress against government officials. Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the Court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (12007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald

assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

Applying this standard, we recommend that the Court find that allegations in the *pro se* complaint are subject to dismissal for failure to state a claim upon which relief can be granted.

### B. Williams Is Not Entitled to Mandamus Relief Directing a Prison Transfer

At the outset, it is clear that Williams is not entitled to mandamus relief. A petition for writ of mandamus is an ancient form of common law judicial relief, a request for a court order compelling a public official to perform some legally-mandated duty. The power of federal courts to issue writs of mandamus is now defined in a federal statute, 28 U.S.C. § 1361, which provides that:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C.. § 1361.

Writs of mandamus compelling government officials to take specific actions are extraordinary forms of relief, which must comply with demanding legal standards. Thus, it is well-settled that "[t]he writ is a drastic remedy that 'is seldom issued and its use is discouraged.' " In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000), (quoting Lusardi v. Lechner, 855 F.2d 1062, 1069 (3d Cir. 1988)). Thus, as a general rule:

> There are two prerequisites to issuing a writ of mandamus. [Petitioners] must show that (1) they have no other adequate means to attain their desired relief; and (2) their right to the writ is clear and indisputable. See In re Patenaude, 210 F.3d 135, 141 (3d Cir.2000); Aerosource, Inc. v. Slater, 142 F.3d 572, 582 (3d. 1988).

Hinkel v. England, 349 F.3d 162, 164 (3d Cir. 2003).

Moreover, "[m]andamus is an extraordinary remedy that can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.'" Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary, 93 F.3d 103, 112 (3d Cir.1996) (quoting Harmon Cove Condominium Ass'n, Inc. v. Marsh, 815 F.2d 949, 951 (3d Cir.1987)). See Ararat v. District Director, ICE, 176 F.App'x. 343 (3d Cir. 2006). Therefore:

> Mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (discussing the common-law writ of mandamus, as codified in 28 U.S.C. § 1361). See also Stehney, 101 F.3d at 934 (mandamus relief is a drastic remedy only to be invoked in extraordinary circumstances).

Stanley v. Hogsten 277 F.App'x. 180, 181(3d Cir. 2008).

As one court has aptly observed when describing the precise and exacting standards which must be met when a petitioner invokes the writ of mandamus:

> The remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34,(1980). Only "exceptional circumstances amounting to a judicial 'usurpation of power'" will justify issuance of the writ. Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988) (quoting Will v. United States, 389 U.S. 90, 95(1967)); see also In re Leeds, 951 F.2d 1323, 1323 (D.C.Cir.1991). Mandamus is available only if: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." In re Medicare Reimbursement Litigation, 414 F.3d 7, 10 (D.C.Cir.2005) (quoting Power v. Barnhart, 292 F.3d 781, 784

(D.C.Cir.2002)); see also Banks v. Office of Senate Sergeant-At-Arms and Doorkeeper of the United States Senate, 471 F.3d 1341, 1350 (D.C.Cir.2006) (concluding that the extraordinary remedy of mandamus need not issue in a case arising under the Congressional Accountability Act where the issue could be addressed by an appeal from a final judgment). The party seeking mandamus "has the burden of showing that 'its right to issuance of the writ is clear and indisputable.' " Power v. Barnhart, 292 F.3d at 784 (quoting Northern States Power Co. v. U.S. Dep't of Energy, 128 F.3d 754, 758 (D.C.Cir.1997)). Where the action petitioner seeks to compel is discretionary, petitioner has no clear right to relief and mandamus therefore is not an appropriate remedy. See, e.g., Heckler v. Ringer, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984); Weber v. United States, 209 F.3d at 760 ("[M]andamus is proper only when an agency has a clearly established duty to act.").

Carson v. U.S. Office of Special Counsel, 534 F.Supp.2d 103, 105 (D.D.C.2008).

In the past, petitioners, like Williams, have frequently turned to the writ of mandamus to try to compel components of the United States Department of Justice to take some specific action. These petitions have been many and varied in their forms, embracing wildly diverse disputes, but one consistent theme throughout these cases has been that the courts rarely such embrace mandamus requests. See e.g., Priskanin v. Doe, 349 F.App'x 689 (3d Cir. 2009)(denying mandamus request that FBI protect former alleged informant); Stanley v. Hogsten, 277 F.App'x. 180, 181(3d Cir.2008) (denying federal inmate mandamus request for law book); Ararat v. District Director, ICE, 176 F.App'x. 343 (3d Cir. 2006)(denying prisoner mandamus request to remove detainer); Beckley v. Miner, 125 F.App'x 385 (3d Cir. 2005)(denying mandamus request for prison transfer); Leonhard v. Mitchell, 473 F.2d 709 (2d Cir.

1973)(denying mandamus request for disclosure of whereabouts of witness protection program witness); Sloan v. Troung, 573 F.Supp.2d 823 (S.D.N.Y. 2008)(denying mandamus request for Department of Justice to intervene in Chess Board election); Saini v. Heinauer, 552 F.Supp.2d 974 (D.Neb. 2008)(denying mandamus request to order FBI to expedite fingerprint processing of petitioner, an applicant for naturalization); Carson v. U.S. Office of Special Counsel, 534 F.Supp.2d 103,105 (D.D.C.2008) (denying mandamus petition to compel the Office of Special Counsel to prepare and produce a report).

These cases, which consistently decline to apply the drastic and extraordinary remedy of mandamus, all recognize that the work of the Department of Justice routinely entails the exercise of discretion by government officials. Since the decisions made by Department of Justice officials often entail significant exercises of discretion, it rarely can be said that these judgments involve such "a clear nondiscretionary duty," Stanley v. Hogsten , 277 F.App'x. at 181, that mandamus may lie compelling some specific form of governmental action.

This principle applies with particular force to mandamus petitions from prisoners which seek orders compelling corrections officials to arrange inmate prison transfers. With respect to such requests the controlling legal principles are clear. It is well established that the United States Constitution does not confer any right upon an

inmate to any particular custody or security classification. Moody v. Daggett, 429 U.S. 78, 88 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976). Thus, inmates do not have a liberty interest in retaining or receiving any particular security or custody status "[a]s long as the [challenged] conditions or degree of confinement is within the sentence imposed ... and is not otherwise violative of the Constitution." Id. Similarly, it has long been recognized that the mere fact of a prison transfer, standing alone, does not constitute cruel and unusual punishment in violation of the Eighth Amendment to the Constitution. See, e.g., Hassain v. Johnson, 790 F.2d 1420 (9th Cir. 1986); Serrano v. Torres, 764 F.2d 47 (1st Cir. 1985). Thus, even inmate transfers to facilities far from their homes do not rise to the level of cruel and unusual punishment. See, e.g., Gov't of Virgin Island v. Gereau, 592 F.2d 192 (3d Cir. 1979)(transfer from Virgin Islands to mainland); Rodriguez-Sandoval v. United States, 409 F.2d 529 (1st Cir. 1969)(transfer from Puerto Rico to Atlanta). In short, well-settled law establishes that prisoners have no inherent constitutional right to placement in any particular prison. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215 225 (1976); Montanye, 427 U.S. at 242; Bulger v. U.S. Bureau of Prisons, 65 F.3d 48 (5thCir. 1995); Marchesani v. McCune, 531 F.2d 459 (10th Cir.1976).

Since inmates have no legal right to a particular prison placement, it follows that an inmate, like Williams, who seeks to compel a prison transfer through a writ of mandamus cannot prevail since "[m]andamus is an extraordinary remedy that can only

be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.' " Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary, 93 F.3d 103, 112 (3d Cir.1996). Indeed, it has long been held that prisoners may not rely upon a writ of mandamus to compel prison transfers, and such requests have been routinely denied as frivolous. See, e.g., Murray v. Grondolsky, 369 F. App'x 318 (3d Cir. 2010)(summarily affirming denial of writ of mandamus in prison transfer case); Franco v. Bureau of Prisons, 207 F. App'x 145 (3d Cir. 2006)(affirming dismissal of prison transfer writ of mandamus as frivolous under 28 U.S.C. §1915(e)); Beckley v. Miner, 125 F.App'x 385 (3d Cir. 2005)(denying mandamus request for prison transfer); Winstead v. United States, No. 86-2543, 1986 WL 7185 (E.D. Pa. June 19, 1986)(dismissing prison transfer writ of mandamus as frivolous under 28 U.S.C. §1915).

These principles control here and are fatal to Williams' petition. In this case, Williams' complaint in mandamus invites this Court, in the guise of a mandamus action, to direct a specific prison placement for this particular inmate. A writ of mandamus may only issue if the plaintiff has a clear right to relief, if the defendant has a clear duty to act, and "can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.' " Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary, 93 F.3d 103, 112 (3d Cir.1996).

Therefore, inherent in a request for mandamus is "a showing [by the moving party] that 'its right to issuance of the writ is clear and indisputable.' Where the action petitioner seeks to compel is discretionary, petitioner has no clear right to relief and mandamus, therefore, is not an appropriate remedy." Carson v. U.S. Office of Special Counsel, 534 F.Supp.2d 103, 105 (D.D.C.2008).

Since Williams' complaint, at bottom, seeks to use a writ of mandamus to dictate the exercise of discretion by prison officials regarding prison placement for one specific inmate, Williams' request to compel a prison transfer by writ is inappropriate and must be denied. See, e.g., Murray v. Grondolsky, 369 F. App'x 318 (3d Cir. 2010); Franco v. Bureau of Prisons, 207 F. App'x 145 (3d Cir. 2006); Beckley v. Miner, 125 F.App'x 385 (3d Cir. 2005); Winstead v. United States, No. 86-2543, 1986 WL 7185 (E.D. Pa. June 19, 1986). Without the inclusion of some further well-pleaded factual allegations, the assertions made here are little more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which as a legal matter] do not suffice." Ashcroft v. Iqbal, supra 127 S.Ct. at 1979. We recognize that in civil rights cases *pro se* petitioners often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, See Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir.

2007), unless granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

In our view, the rule of futility applies here. It is undisputed that Williams has no constitutional right to a prison transfer. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215 225 (1976); Montanye, 427 U.S. at 242; Bulger v. U.S. Bureau of Prisons, 65 F.3d 48 (5thCir. 1995); Marchesani v. McCune, 531 F.2d 459 (10th Cir.1976). Nor is he entitled to seek mandamus relief compelling such a prison transfer. See, e.g., Murray v. Grondolsky, 369 F. App'x 318 (3d Cir. 2010); Franco v. Bureau of Prisons, 207 F. App'x 145 (3d Cir. 2006); Beckley v. Miner, 125 F.App'x 385 (3d Cir. 2005); Winstead v. United States, No. 86-2543, 1986 WL 7185 (E.D. Pa. June 19, 1986). Therefore, in this case, since the *pro se* complaint in mandamus does not contain sufficient factual recitals to state a claim upon which relief may be granted, the petition should be dismissed under 28 U.S.C. § 1915, and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Franco v. Bureau of Prisons, 207 F. App'x 145 (3d Cir. 2006)(affirming dismissal of prison transfer writ of mandamus as frivolous under 28 U.S.C. §1915(e));  Winstead v. United States, No. 86-2543, 1986 WL 7185 (E.D. Pa. June 19, 1986)(dismissing prison transfer writ of mandamus as frivolous under 28 U.S.C. §1915).

### III. **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's complaint be dismissed for the failure to state a claim upon which relief can be granted.

The Plaintiff is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 16th day of November, 2010.

                                              ***S/Martin C. Carlson***
                                              Martin C. Carlson
                                              United States Magistrate Judge