IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LARRY SINCLAIR WILLIAMS,** | : CIVIL NO. 1:10-CV-2350 |
| Petitioner | : (Judge Rambo) |
| v. | : (Magistrate Judge Carlson) |
| **UNITED STATES OF AMERICA,** *et al.*, | : |
| Respondents | : |

# **M E M O R A N D U M**

Before the court is a November 16, 2010 report of the magistrate judge to whom this matter was referred. On December 6, 2010, Petitioner Williams filed a request for an extension to January 5, 2011 to file objections to the report and recommendation. By order dated December 6, 2010, the request for enlargement of time was granted; however, no objections have been filed by this date, no request for an additional extension was filed. The court will review the report and recommendation and enter an appropriate order.

Petitioner is a federal inmate who brings this complaint in mandamus seeking to compel a prison transfer. The magistrate judge reviewed the complaint preliminarily pursuant to 28 U.S.C. § 1915A and recommended that Petitioner be granted leave to proceed *in forma pauperis* but also recommended that the complaint be dismissed for failure to state a claim upon which relief can be granted.

Title 28 U.S.C. § 1361 provides, in part, that:

> The district courts shall have original jurisdiction of an action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

"Mandamus is an extraordinary remedy that can only be granted where a legal duty is positively commanded and so plainly prescribed as to be free from doubt."

*Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary*, 93 F.3d 103, 112 (3d Cir 1996). "Writs of mandamus are extraordinary forms of relief, are seldom issued and are discouraged." *In re Palemaude*, 210 F.3d 135 (3d Cir. 2000) (citations omitted).

Bureau of Prisons personnel have no duty to transfer a prisoner to a different facility. Prisoners have no inherent constitutional right to placement in any particular prison. *See Olin v. Wakinekona*, 461 U.S. 238, 245 (1983). Since inmates have no legal right to a particular prison placement, Petitioner Williams, who seeks to compel a prison transfer through a writ of mandamus, cannot prevail.

Accordingly, the court will adopt the report and recommendation of the magistrate judge. An appropriate order will be issued.

                                          s/Sylvia H. Rambo
                                          United States District Judge

Dated: January 13, 2011.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LARRY SINCLAIR WILLIAMS,** | : | **CIVIL NO. 1:10-CV-2350** |
| **Petitioner** | : | |
| | : | **(Judge Rambo)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **UNITED STATES OF AMERICA,** *et al.*, | : | |
| | : | |
| **Respondents** | : | |

## **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The court adopts the report and recommendation of Magistrate Judge Carlson.

2) Plaintiff is granted leave to proceed *in forma pauperis*.

3) The complaint is dismissed for failure to state a claim.

4) Any appeal from this order will be deemed frivolous and not taken in good faith.

5) The Clerk of Court shall close the file.

                                                s/Sylvia H. Rambo
                                                United States District Judge

Dated: January 13, 2011.